1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,  )<br>  )<br>　　　　Plaintiff,　　　)<br>  )<br>　v.　　　　　　　　　　)<br>  )<br>WARDEN ROBERT A. HOREL,  )<br>CORRECTIONAL OFFICER M.  )<br>CLEARY; CORRECTIONAL  )<br>LIEUTENANT D. WEBSTER;  )<br>CORRECTIONAL LIEUTENANT )<br>M. MILLER,　　　　　　　)<br>  )<br>　　　　Defendants.　　　)<br>_____ | No. C 07-3656 MJJ (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE ANSWER; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |

　　　　This action was opened when the court received a July 4, 2007 letter from plaintiff, a California prisoner proceeding pro se and incarcerated in Pelican Bay State Prison ("PBSP"), to the Chief Judge of this court. The letter was originally filed in plaintiff's earlier case, No. 07-1224 MJJ, which concerned the same issues raised in the letter. However, because that case was dismissed for failure to exhaust, and it appeared that plaintiff had since exhausted his claims, a new case was opened in which the letter was filed. In addition, because plaintiff complained he was endangered by other inmates when he was not allowed to live in a single cell, and that he was not provided adequate dental care, the

N:\MJJ\HC Orders\kabede2.srv.wpd

letter was construed as a complaint under 42 U.S.C. § 1983.[1] If plaintiff wishes to have the Court consider any of the claims raised in the papers filed in 07-1224 MJJ, he must set forth such claims in an amended complaint filed in this case and served upon defendants.

## DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

When liberally construed, plaintiff's complaint states cognizable claims that: (1) defendants caused him to be housed with a dangerous inmate and failing to allow him to be housed in a single cell; and (2) prison officials have not provided him adequate treatment for a broken tooth, in violation of the Eighth Amendment.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Warden Robert A. Horel, Correctional Officer M. Cleary, Correctional Lieutenant D. Webster, and Correctional Lieutenant M. Miller** at **Pelican Bay State Prison.** The Clerk shall also mail courtesy copies of the

---

[1] Hereinafter, the Court will refer to the July 4, 2007 letter as the "complaint."

1  complaint and this order to the California Attorney General's Office.

2      2.    The court has established a Pro Se Prisoner Mediation Program under which
3  prisoner civil rights cases may be referred to a neutral Magistrate Judge for mediation. The
4  Court finds the instant matter suitable for mediation proceedings following service of the
5  summons and complaint on defendants. Accordingly, **defendants shall file an answer**
6  within **sixty days** of the date this order is filed, at which time the Court will refer the instant
7  action for mediation under the Pro Se Prisoner Mediation Program.

8      3.    All communications by the plaintiff with the Court must be served on
9  defendants, or defendants' counsel once counsel has been designated, by mailing a true copy
10  of the document to defendants or defendants' counsel.

11      4.    Discovery may be taken in accordance with the Federal Rules of Civil
12  Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required
13  before the parties may conduct discovery.

14      5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
15  Court informed of any change of address and must comply with the court's orders in a timely
16  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
17  pursuant to Federal Rule of Civil Procedure 41(b).

18      6.    Extensions of time are not favored, although reasonable extensions will be
19  granted. Moreover, the party making the motion for an extension of time is not relieved from
20  his or her duty to comply with the deadlines set by the Court merely by having made such
21  motion. Rather, the party making the motion must meet the deadlines set by the court unless
22  and until an order addressing the motion for an extension of time is received. Any motion for
23  an extension of time must be filed no later than the deadline sought to be extended.

24      7.    Plaintiff is granted leave to proceed in forma pauperis, and the Clerk's July 17,
25  2007 deficiency notice (Docket No. 2) is VACATED.[2] The total filing fee that will

---

28  [2]The Court has considered the in forma pauperis application filed in plaintiff's earlier case, No. 07-1224 MJJ (PR).

1  ultimately be due is $350.00. In view of plaintiff's income and account balance over the last
2  six months, no initial partial filing fee is due. Funds for the filing fee will be taken from
3  income to plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1). A copy of this
4  order and the attached instructions will be sent to plaintiff, the prison trust account office,
5  and the Court's financial office.
6      IT IS SO ORDERED.
7  DATED:    8/14/2007                    _____
                                           MARTIN J. JENKINS
8                                          United States District Judge

United States District Court

N:\MJJ\HC Orders\kabede2.srv.wpd                4